In the Matter of the Claim of JOSEPH P. CROWLEY, Respondent, against YONKERS HERALD PUBLISHING COMPANY, Employer, and Another, Appellants.

STATE INDUSTRIAL Board, Respondent.

Third Department, April 28, 1937.

*William Butler* [*Jeremiah F. Connor* of counsel], for the appellants.

*John J. Bennett, Jr.*, Attorney-General [*Roy Wiedersum* of counsel], for the respondent State Industrial Board.

CRAPSER, J. The claimant herein was employed as foreman of the composing room of the *Yonkers Herald* for about thirty years prior to May 3, 1930, on which date he was discharged from his employment, and since that time he has not been employed where he was exposed to lead.

Subsequent to May 3, 1930, he worked on road construction for several weeks, and in 1932 he secured employment with the city of Yonkers, doing clerical work.

In 1928 the claimant was treated for acute pains and swelling in his right wrist, left shoulder and left ankle. Dr. Betts, who treated him at that time, testified that he diagnosed the claimant's condition as rheumatic arthritis due to infected tonsils; that he

found no evidence of lead poisoning at that time; that he examined the claimant with that possibility in mind, in view of the claimant's occupation.

From then on through 1934 the claimant was treated for brief periods. He was in St. Joseph's Hospital in 1930, presumably for a stone in the kidney; he visited Battle Creek Sanitarium in Michigan, where he was treated for neuritis; he went to Dr. Locke in Canada for arthritis. In 1934 he was hospitalized in St. Luke's Hospital, where his condition was diagnosed as arthritis. On May 23, 1935, the claimant went to Dr. Giammette who examined him and had him hospitalized, and on June 11, 1935, Dr. Giammette made a diagnosis of lead poisoning.

The Board has fixed the date of the claimant's disablement as the result of lead poisoning as of June 11, 1935, and, under section 38 of the Workmen's Compensation Law, this is the date of the accident.

The claimant's claim for compensation was filed on June 29, 1935. The Board has excused the claimant's failure to give notice to the employer on the ground that the employer has not been prejudiced by lack of notice.

Section 40 of the Workmen's Compensation Law reads as follows: " Time limit. Neither the employee nor his dependents shall be entitled to compensation for disability or death resulting from disease unless the disease is due to the nature of his employment and contracted therein, or in a continuous employment similar to the one in which he was engaged at the time of his disablement, within the twelve months previous to the date of disablement, whether under one or more employers. The time limit for contraction of the disease prescribed by this section shall not bar compensation in the case of an employee who contracted the disease in the same employment with the same employer by whom he was employed at the time of his disablement and who had continued in the same employment with the same employer from the time of contracting the disease up to the time of his disablement thereby."

The occupational disease in this case was contracted prior to May, 1930, which is more than five years before his disablement, and the claimant is, therefore, barred under the provisions of section 40 of the Workmen's Compensation Law, and the award should be reversed and the claim dismissed, with costs against the State Industrial Board.

RHODES, McNAMEE and BLISS, JJ., concur; HILL, P. J., dissents, with an opinion.

HILL, P. J. (dissenting). Claimant absorbed the lead prior to May, 1930. He had worked for the employer for many years. In 1928 he suffered from acute pains and swelling in his right wrist and left shoulder. He was treated by several physicians, his trouble being diagnosed as rheumatism and arthritis. In June, 1935, a physician, believing the ailment to be lead poisoning, was confirmed in his belief by consultation with a second physician. The claim was filed immediately. Up until May, 1930, claimant's work for his employer was such as to permit the absorption of lead. Thereafter there was no exposure, as for about two months he was a foreman on a road construction contract and since January, 1932, has been employed by the city of Yonkers where he " sits down all day, making out bills or addressing envelopes."

" Compensation shall be payable for disabilities * * * incurred by an employee resulting from the following occupational diseases: * * * 2. Lead poisoning or its sequelæ — 2. Any process involving the use of or direct contact with lead or its preparations or compounds." (Workmen's Comp. Law, § 3, subd. 2.) " The disablement of an employee resulting from an occupational disease described in subdivision two of section three shall be treated as the happening of an accident within the meaning of this chapter and the procedure and practice provided in this chapter shall apply to all proceedings under this article, except where specifically otherwise provided herein." (Workmen's Comp. Law, § 38.) " Neither the employee nor his dependents shall be entitled to compensation for disability or death resulting from disease unless the disease is due to the nature of his employment and contracted therein, or * * *." (Workmen's Comp. Law, § 40.) The language " due to the nature of his employment and contracted therein " conveys the same thought in connection with diseases as the words " arising out of and in the course of the employment " convey in connection with physical injuries. The lapse of time between an injury and its disabling effect does not prevent an award if, as here, the Board, for good cause shown, excuses the delay in filing notice. The provisions of section 40, following the word " or," apply to conditions not here present. The fact that the claimant at the time of disablement was working for another employer in an occupation wherein he was not exposed to lead poisoning is without significance. (*Matter of Comr. T. & F. v. Nu-Art Adv. Co.*, 271 N. Y. 112.)

The award should be affirmed.

Award reversed and claim dismissed, with costs against the State Industrial Board.