In the Matter of the Claim of MARGUERITE D. HILL, Respondent, against SAMARITAN HOSPITAL et al., Respondents, and NEW YORK HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Submitted June 9, 1948; decided July 16, 1948.

*Jeremiah F. Connor* for appellants. I. The claim against the New York Hospital is barred because of the failure of the

claimant to file such claim within two years prior to February 10, 1942, the date of disablement. (*Matter of Twonko* v. *Rome Brass & Copper Co.*, 224 N. Y. 263; *Matter of Lissow* v. *Mabbett Motors, Inc.*, 279 N. Y. 585; *Matter of Duquette* v. *General Elec. Co.*, 257 App. Div. 881; *Matter of Casale* v. *Rockwood & Co.*, 259 App. Div. 767.) II. The claim against the New York Hospital is also barred under section 40 of the Workmen's Compensation Law because the disease at the New York Hospital was contracted more than twelve months before the date of disablement. (*Matter of Crowley* v. *Yonkers Herald Pub. Co.*, 250 App. Div. 670, 275 N. Y. 571.)

*Fred J. Murray* for respondents. I. The claim against the New York Hospital was duly filed and was not barred because of the Statute of Limitations. (*Matter of Lais* v. *Isaac Goldwin Co.*, 252 App. Div. 905.) II. In view of the provisions of section 45 of the Workmen's Compensation Law, claimant was not required to give notice of any kind to the New York Hospital nor was she required to file any claim against the New York Hospital when she had duly filed her notice and claim against the Samaritan Hospital.

*Per Curiam.* The finding of the Workmen's Compensation Board that the claimant became disabled on February 10, 1942, as a result of pulmonary tuberculosis, an occupational disease which was due to the nature of her employment and was contracted by her within twelve months previous to the date of her disablement is supported by the evidence. Such finding, when taken in connection with the finding that she completed her training as an affiliate student nurse at the New York Hospital on May 1, 1940, brings her claim against the appellant, New York Hospital, within the statutory limitation of time barring recovery of compensation benefits " unless the disease is * * * contracted * * * within the twelve months previous to the date of disablement ". It is the contraction of the occupational disease rather than exposure that commences the running of the statutory time limit. After giving maximum effect to such limitation more than twelve months elapsed after claimant left the New York Hospital before it may be said she had contracted the disease. An award of compensation benefits for disability due to occupational disease under such circumstances is barred by

the statute (Workmen's Compensation Law, § 40; *Matter of Crowley* v. *Yonkers Herald Pub. Co.*, 250 App. Div. 670, affd. 275 N. Y. 571).

The order of the Appellate Division and the award of the Workmen's Compensation Board should be modified in accordance with the opinion herein, and, as so modified, affirmed, with costs in this court and in the Appellate Division to appellant New York Hospital, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with the opinion herein.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur; CONWAY, J., taking no part.

Ordered accordingly.