Bergan, J.
Claimant was employed in the ice cream store of the Midland Rochester Co., Inc., in 1938, as a fountain worker. In this occupation she contracted dermatitis of her right hand arising from the use of soap in her work.
The employer’s compensation carrier was the Travelers Insurance Company. Claimant advised her employer of the condition of her hand; the employer filed a 1 ‘ first report of injury ’ ’ April 2, 1938; the “ cause of injury ” was stated to be “ soap used in dishwater ’ ’ which was ‘ ‘ too strong ’ ’. The report stated claimant was being treated by Dr. Clarence H. Peachey who is a specialist in diseases of the skin.
Dr. Peachey bega.n treatment of claimant on March 10, 1938. He was paid by the insurance carrier for all treatments given *245 to claimant. He continued treatments at intervals during 1938 and in each successive year, including 1943. She did not stop work as the result of her condition and there is no proof in the record that she did not earn full wages for any reason attributable to the disease until late in 1943.
In 1940, claimant left the employ of the Midland Rochester Co., Inc., and worked for other employers. In 1943, she was employed by the Eastman Kodak Co. In the fall of that year the dermatitis became so severe that Dr. Peachey advised her to stop work. There is some proof that the condition in 1943, was related to the original exposure to soap in 1938. She stopped work on October 11, 1943, and filed a claim for compensation November 2, 1943.
At the first hearing at which all parties in interest were present, December 2, 1943, the carrier’s representative, conceding that the carrier had been “ paying the doctor bills ” stated that “ we raise every question, filing of claim * * * We haven’t admitted anything; we are asking for a ruling on it
The Workmen’s Compensation Board dismissed the claim on the ground that the occupational disease was not contracted within twelve months previous to the date of disablement. From this decision claimant appeals. The claim is not literally within the statute which defines “ disablement ” as being a condition where the employee is prevented (“ disabled ”) from “ earning full wages at the work at which the employee was last employed ” (Workmen’s Compensation Law, § 37) and which requires, as a condition to compensation, that the disablement occur within twelve months of the contraction of the disease. (§ 40.) The exceptions now in the section are not germane to this case.
The problem presented by the appeal essentially is whether the treatment provided by an employer or carrier for a non-disabling occupational disease may be regarded as an advance payment of compensation within section 28 and related to a subsequent disability occurring more than twelve, months from contraction of the disease.
The additional question arises whether, assuming the carrier did not make a sufficient objection at the first hearing at which the parties were represented, liability arose from a statutory waiver. The applicable provisions of the statute are those in effect from 1938 to 1943.
*246 The literal language of the statute granted no jurisdiction to the Workmen’s 'Compensation Board to allow the claim. The disabling effect of an occupational disease within a year of its contraction in employment is a necessary condition to compensation.
The statute which grants the right to compensation for occupational disease (§ 39) is qualified by an omnibus prohibition in section 40, unless the contraction and the disability have the necessary relationship in time. The section starts with the broad language: “ Neither the employee nor his dependents shall be entitled ” to compensation “ unless ” the conjunctive conditions exist.
This statutory condition has nothing to do with the filing of a claim. It is a condition resting on the sequence of events in the disease itself, i.e., when it is contracted and when it becomes disabling. The constructive waiver resulting from an advance payment of compensation, treated in section 28, is a waiver of the filing of a claim. It has nothing to do with this kind of a condition precedent which is, in essence, a legislative definition of the terms under which an occupational disease is not compensable.
And waiver of defense by a failure to object at the first hearing is similarly related by section 28 to the filing of a claim. Jurisdictional conditions are not supplied by statutory waivers related to other matters. That the Legislature intended to impose a general jurisdictional bar to diseases not resulting in disability within the time fixed is apparent from the special treatment of the relationship between the contraction and disability arising from certain enumerated diseases in amendments on this subject, notably in the amendment to section 40 in 1947 (ch. 624).
In Matter of Hill v. Samaritan Hospital (298 N. Y. 182) it was held within the literal terms of the statute that the twelve-month period required by section 40 between the contracting of the disease and disablement must be shown; that disablement is related to contraction of disease and not to exposure to it. Where there has been a finding that the disease was contracted within twelve months of disablement and the finding is not erected on substantial evidence of such period of relationship, an award has not been sustained. (Matter of Oddi v. Cabaret Hurricane, 273 App. Div. 1035.) Compare Matter of Weixler v. Schlegelmilch Bros. (272 App. Div. 850) where the finding of fact was the other way.
*247 In Matter of Slawinski v. Williams & Co. (298 N. Y. 546) the claim involved a loss of hearing which, it was argued in the Court of Appeals, could be the basis of a schedule award under paragraph m of subdivision 3 of section 15, as well as under the provisions governing occupational diseases. (Reporter’s Syllabus, p. 547.)
The decision of this court in Matter of Erb v. Sheffield Farm (272 App. Div. 1082) related to the time of filing of a claim based on occupational disease. The filing of this kind of a claim is governed by the same statutes and the same decisions that affect the filing of claims generally. The “ disablement ” is regarded as the “ accident ”. (§38.) The filing of the claim may be excused, as it has been done in many cases, because compensation was paid or because the employer or carrier has not made timely objection, but this is clearly distinct from the statutory prerequisite which treats a disease as an “ accident ”, when sections 28 and 40 are read together.
The decision of the Workmen’s Compensation Board dismissing the claim should be affirmed, without costs.
Foster, P. J., Heefernan, Brewster and Santry, JJ., concur.
Decision of the Workmen’s Compensation Board dismissing the claim affirmed, without costs.