In the Matter of the Claim of PAUL ODDI, Respondent, against CABARET HURRICANE et al., Respondents, and COLONY RESTAURANT, INC., et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of PAUL ODDI, Respondent, against CABARET HURRICANE et al., Appellants, and COLONY RESTAURANT, INC., et al., Respondents.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 9, 1951.

*Rudser & Mulligan,* attorneys (*Morgan F. Bisselle* and *Warren C. Tucker* of counsel), for Colony Restaurant, Inc., and Employer's Mutual Liability Insurance Company of Wisconsin, appellants and respondents.

*Bernard Katzen, General Attorney for State Insurance Fund* (*George J. Hayes* and *Victor Fiddler* of counsel), for Cabaret Hurricane and State Insurance Fund, appellants and respondents.

*Samuel Goldberg* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

DEYO, J.   Claimant, a cook, was employed by Cabaret Hurricane from June, 1943, to May, 1944, and by Colony Restaurant from June, 1944, to April, 1945.   On November 1, 1943, while in the employ of Cabaret Hurricane, he burned his left hand and filed a claim for compensation.   During the course of that proceeding the claimant advanced the contention that the burn had aggravated a pre-existing Dupuytren's contracture of his left hand.   Medical evidence failed to substantiate this contention and the claim was disallowed in that respect.   While the case was pending claimant went to work for Colony Restaurant, and on May 10, 1945, he filed a claim for compensation against that employer, stating that he had been obliged to stop work on April 28, 1945, due to the contracture of his left hand which, for the first time, was alleged to be an occupational disease. He was operated on for this condition on May 4, 1945, at his own expense.   Thé referee directed that the earlier case against Cabaret Hurricane be reopened and both cases were thereafter heard together.   It was held that an occupational disease had been established and an award was made solely against Colony Restaurant, the last employer.   The board affirmed the award, finding among other things, that the date of disablement was April 28, 1945, the day claimant quit work, and that the disablement was due to Dupuytren's contracture of the left hand, an occupational disease contracted due to the nature of the employment, " and which was contracted within twelve months previous to the date of his disablement ".   On appeal this court reversed the award and dismissed the claim (273 App. Div. 1035), pointing out that there was no evidence to support the finding that the disease was contracted within the twelve months' period prescribed by section 40 of the Workmen's Compensation Law, but that on the contrary, it had been definitely established that the condition existed at least as early as November 16, 1943, while claimant was employed by another employer.   Thereafter the case was restored to the calendar for further consideration and hearings were held on notice to both employers and their insurance carriers.   The only evidence introduced at these hearings was to the effect that Dupuytren's contracture is a progressive disease and that the loss of use of the left hand which claimant had suffered as a result thereof had increased from 15% in 1944 to 30% in 1948.   It was also stated that claimant had a Dupuytren's contracture of the right hand as well and that the loss of use thereof which claimant had sustained had increased from 5% in 1944 to 10% in 1948. On the basis of this evidence awards were made against both

employers and their carriers, each being for 5% permanent loss of use of the right hand and 15% permanent loss of use of the left hand.

There is nothing in this supplemental record to warrant a reversal of our previous holding as to the contracture of the left hand. It remains uncontradicted that the disease was contracted no later than November 16, 1943, while claimant was employed by another employer. Hence, although the condition may have been aggravated by his work at Colony Restaurant, it was not contracted within twelve months prior to the date of disablement, fixed as April 28, 1945. The Legislature has seen fit to specifically limit the right to compensation for occupational disease contracted in another employment to such diseases as are contracted within twelve months previous to the date of disability. (Workmen's Compensation Law, § 40.) Neither the board nor the courts may read anything different into the statute. We find no merit in the board's contention that section 40 of the Workmen's Compensation Law does not apply to schedule awards. The award against Colony Restaurant should be again reversed insofar as it grants compensation for loss of use of the left hand.

In regard to the award against Cabaret Hurricane for loss of use of the left hand the board has found that claimant was obliged to cease work in November, 1943, as a result of this contracture. This is contrary to the facts and not supported by any evidence whatsoever. However, we will assume that what the board intended was to fix that date as the date of disablement, and we will so interpret the finding. Despite the language of section 37 of the Workmen's Compensation Law, it would appear that in a case involving a schedule loss due to occupational disease, a claimant need not suffer an actual loss of time or wages to permit the board to fix the date of disablement. (*Matter of Slawinski* v. *Williams & Co.*, 298 N. Y. 546.) The evidence is sufficient to sustain the findings that claimant became disabled, at least in part, due to Dupuytren's contracture of the left hand; that this was an occupational disease contracted due to the nature of the employment, within twelve months previous to the date of disablement as fixed. The statutory provisions relative to notice and filing were sufficiently complied with. A formal claim for compensation was filed against Cabaret Hurricane and its carrier on November 22, 1943, in which it was alleged that claimant had burned his left hand. From the very outset and at least as early as May 29, 1944, Cabaret Hurricane and its carrier were on notice that

claim was being made for disability resulting from a Dupuytren's contracture of the left hand. The fact that the claim was originally tried on the theory of accident instead of occupational injury and that no aggravation of the condition was found as a result of the accident, seems to us to be immaterial so far as notice is concerned. This portion of the award against Cabaret Hurricane should be affirmed.

An entirely different situation is presented in connection with the alleged contracture of the right hand. This contracture did not figure in either of the previous awards and in fact, we find no mention of it at any time except in Dr. Tolmach's two reports of October 24, 1944, and November 30, 1948. No other physician, not even those called by the claimant, was aware of any such condition. No claim was ever filed therefor, no evidence was taken, and no findings relative thereto were made in connection with either of the previous awards. There is nothing in the record to indicate whether this contracture was or was not an occupational disease; when or where it was contracted or whether any disablement attributable thereto occurred. Moreover, there has been a complete failure to give timely notice of any accident or disease affecting the right hand, as required by sections 18, 28 and 45 of the Workmen's Compensation Law. Both employers and their carriers raised the question of lack of notice at the first hearing after they were apprised of the fact that a disablement of the right hand was involved. Surely, it cannot be seriously contended that their silence up to that point constituted a waiver of their rights. Notice of injury to or occupational disease affecting the left hand was insufficient to constitute notice to the employers and their carriers of any impairment of the right hand. Both awards should be reversed insofar as they grant compensation for any loss of use of the right hand.

The decision and award against Colony Restaurant, Inc., and its insurance carrier, the Employer's Mutual Liability Insurance Company of Wisconsin, dated April 4, 1949, should be reversed on the law and the claim dismissed, with costs against the Workmen's Compensation Board.

The decision and award against Cabaret Hurricane and its insurance carrier, State Insurance Fund, dated April 4, 1949, should be modified on the law by eliminating therefrom all provisions for compensation for loss of use of claimant's right hand, and the matter remitted to the board for a new award accordingly. No costs are awarded.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Decision and award against Colony Restaurant, Inc., and its insurance carrier, the Employer's Mutual Liability Insurance Company of Wisconsin, dated April 4, 1949, reversed, on the law, and the claim dismissed, with costs against the Workmen's Compensation Board.

Decision and award against Cabaret Hurricane and its insurance carrier, State Insurance Fund, modified, on the law, by eliminating therefrom all provisions for compensation for loss of use of claimant's right hand, and the matter remitted to the board for a new award accordingly. No costs are awarded.