In the Matter of the Claim of JAMES BOYD, Respondent, against F. & M. SCHAEFER BREWING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board, making an award to the claimant upon the ground that he suffered from an occupational disease causing a 10% loss of the use of his left hand. The claimant had been employed for several years as a brewery helper by various breweries; his work included the lifting and carrying of cases of beer, as a result of which he developed a condition known as Dupuytren's contracture of the left hand, causing the little finger of that hand to be permanently contracted. The board found the date of disablement to be July 23, 1951. The evidence clearly shows that the disease had been contracted more than twelve months before the date of disablement. There was evidence that it had been contracted as early as 1946. The claimant's own doctor testified that the disease had been contracted when the claimant "noticed the cord like structure" in his hand. This was in 1948. The claim was therefore barred by the twelve-month limit prescribed by section 40 of the Workmen's Compensation Law unless the case came within the exclusionary provision of section 40 to the effect that the twelve-month time limit did not bar compensation "in the case of an employee who contracted the disease in the same employment with the same employer by whom he was employed at the time of his disablement and who had continued in the same employment with the same employer from the time of contracting the disease up to the time of his disablement thereby ". The Board found that there had been such continuous employment in this case but there is no evidence to support this finding. It is undisputed that from May, 1947, to September, 1949, the claimant did not work for the appellant-employer but worked for other breweries. Upon the whole record, the only permissible conclusion is that the contracting of the disease had been completed prior to the claimant's return to the employ of the appellant-employer in September, 1949. (See *Matter of Oddi* v. *Cabaret Hurricane,* 273 App. Div. 1035, 278 App. Div. 261; *Matter of Cerame* v. *Midland Rochester Co.,* 276 App. Div. 243.) Decision and award reversed, on the law, and claim dismissed, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.