◼ In the Matter of the Claim of TRACY CARR, Respondent, against DUNN & McCARTHY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board authorizing surgery for claimant at the expense of the employer and its carrier. On April 16, 1949, claimant's physician discovered a small right inguinal hernia and discussed surgery, but claimant did not want it then and the physician did not urge it because of the presence of heart disease. In September, 1952, after many years of work for the employer, claimant retired. On August 8, 1953, the physician found the hernia symptoms enlarged to a point where he recommended surgery without further delay. The board has found that constant rubbing against a work table caused claimant to contract an occupational disease in the nature of a right inguinal hernia and fixed the date of disablement as August 8, 1953. Appellants do not quarrel with these findings but do contend that there is no evidence to

support the finding that the disease was contracted within twelve months previous to the date of disablement. Section 40 of the Workmen's Compensation Law provides, in part: "Neither the employee nor his dependents shall be entitled to compensation for disability or death resulting from disease unless the disease is due to the nature of his employment and contracted therein, or in a continuous employment similar to the one in which he was engaged at the time of his disablement, within the twelve months previous to the date of disablement, whether under one or more employers." The second sentence of section 40 exempts from the above rule the claim of an employee who continues in the same employment with the same employer from the time he contracts the disease to the date of disablement. But the exception is not applicable to this claim since claimant had ceased working for the employer eleven months before the date of disablement. (*Matter of White* v. *Iroquois Gas Corp.*, 1 A D 2d 705, decided herewith.) For this claim to escape the bar of section 40, it must appear that claimant contracted his occupational disease during the period from August 8, 1952, to August 8, 1953. There is no evidence in this record to indicate that the hernia was contracted during that period. On the contrary, the record clearly establishes that the hernia was contracted before April 16, 1949, when its presence was medically established. It is true that thereafter this occupational disease became more severe until on August 8, 1953, it became disabling. But section 40 requires, except in circumstances not here present, that to be compensable the disease be contracted within twelve months prior to disablement. In this case the disease was contracted more than four years prior to the date of disablement and the claim is barred by section 40. (*Matter of Boyd* v. *Schaefer Brewing Co.*, 282 App. Div. 785; *Matter of Oddi* v. *Cabaret Hurricane*, 278 App. Div. 261.) Decision reversed and claim dismissed, without costs. Foster, P. J., Coon and Zeller, JJ., concur; Bergan and Halpern, JJ., dissent in the following memorandum: Since the occupational disease became disabling August 8, 1953, and the claimant had retired from work in September, 1952, in order to sustain the claim, the work must have effectively contributed to the contracting of the disease between August 8, 1952, one year before disablement, and the time in September, 1952, when claimant retired. The evidence of a contribution of the work to the ultimate disablement the following year is not clear enough to sustain a finding of contraction upon this record during that period. But the fact that a hernia existed before August 8, 1952, does not alone deprive claimant of a right to compensation if the work played an effective part in the process of contraction and in the ultimate disablement from hernia within a year before the disablement. It may well be that the hernia was not affected adversely by the work; but that is a question of fact that ought to be re-examined. If it was affected, there may be an award (*Matter of Ganger* v. *Liebmann Breweries*, 282 App. Div. 907). The award should be reversed but the claim should not be dismissed; it should be remitted to the board for its further consideration.