■ In the Matter of the Claim of SOLOMON SEIFER, Respondent, v. KINGS PARK STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by the employer and carrier from a decision of the Workmen's Compensation Board and an award of disability compensation based on a finding of occupational disease; namely, tuberculosis. Claimant was employed as an attendant at appellant State mental hospital from 1959 through March 28, 1962 when, aged 66, he retired. About three months later he applied for reinstatement to his former position and was rehired by the

employer on June 21, 1962. A pre-employment X-ray examination of that date disclosed a pulmonary lesion. His employment was terminated one week later. The board found that claimant became disabled on June 28, 1962 as the result of tuberculosis contracted in the employment within 12 months prior to the date of disablement through contacts with mental patients afflicted with that disease. The last exposure to which claimant was subjected, of which there is proof in the record, occurred in April, 1960. Thus more than 12 months elapsed after the latest date of harmful exposure in employment to which it may be said the contraction of the disease could be attributed. In these circumstances the claim for disability due to occupational disease was barred by statute. (Workmen's Compensation Law, § 40; *Matter of Hill* v. *Samaritan Hosp.*, 298 N. Y. 182.) Nor may claimant's employment be deemed to have been continuous with the same employer thus to lift the general time limitation provided in the section since the hiatus in the employment between his retirement and rehiring interrupted its continuity. (*Matter of Boyd* v. *Schaefer Brewing Co.*, 282 App. Div. 785.) No medical testimony was adduced at the hearings. Reports filed by attending and examining physicians indicating causality, to which the board decision alludes, cannot be accounted substantial support for its finding that the date of disablement was within the statutory period since they either ignore the evidence of exposure or adopt a hypothesis at variance with claimant's own testimony on that subject. Upon remittal it may be possible to develop proof that disablement existed at or prior to the time claimant first left the employment, just three months before the X ray taken upon re-employment. (See *Matter of Esperson* v. *Gowanda State Hosp.*, 12 A D 2d 561, mot. for rearg. and for lv. to app. den. 12 A D 2d 861.) Decision reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted for further proceedings. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.