The award was made upon the theory that claimant suffered from an occupational disease, tinnitus. Whatever the name we should say that there is clear evidence to sustain a finding that claimant suffered a partial loss of hearing because of his occupation. He worked in the forge department of the employer's factory on machine hammers which weighed 800 to 3,000 pounds. There were approximately 100 such machines in the room where he worked and the noise was exceptionally heavy and sustained.

Assuming claimant suffered from an occupational disease his claim is governed by article 3 of the Workmen's Compensation Law, which provides:

" § 37. *Definitions.* Whenever used in this article: 1. 'Disability' means the state of being disabled from earning full wages at the work at which the employee was last employed.

" 2. 'Disability' means the act of becoming so disabled as defined in subdivision one.

" § 38. *Disablement treated as accident.* The disablement of an employee resulting from an occupational disease described in subdivision two of section three shall be treated as the happening of an accident within the meaning of this chapter and the procedure and practice provided in this chapter shall apply to all proceedings under this article, except where specifically otherwise provided herein.

" § 39. *Right to compensation.* If an employee is disabled or dies and his disability or death is caused by one of the diseases mentioned in subdivision two of section three, * * * he or his dependents shall be entitled to compensation * * *."

The foregoing language is plain, and under it we fail to see how an employee who contracts an occupational disease without disability, as defined by the statute, is entitled to an award. There is no proof in the record that claimant's wages were diminished by his partial deafness. He himself did not claim so. True, he was demoted, but for causes wholly apart from his physical condition.

Time was when an occupational disease was not compensable at all. It was not considered as accidental. Under the law as it now exists such a disease is treated as an accident, and the ordinary practice and procedure relative to accidental injuries shall apply " except where specifically otherwise provided * * *." The exception of course is the definition of disability in article 3. There is no such definition under article 2. There is no basis for an interpretation of statutory language where its meaning is clear and unequivocal.

The award should be reversed and the claim dismissed, without costs.

Hill, P. J., Heffernan and Russell, JJ., concur in decision; Foster, J., dissents in an opinion; Brewster, J., taking no part.

Award affirmed, with costs to the Workmen's Compensation Board.

In the Matter of the Claim of HERMAN WEED, Respondent, against PEKIN STONE PRODUCTS Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur. [See 272 App. Div. 1082.]

GEORGE STIKEMAN, JR., Appellant, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. CHARLES W. MILLICAN, JR., Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. WALTER G. DARDEN, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants,

and BENJAMIN L. SMITH, Appellant. DUNCAN CLARDY, Respondent, v. WHIT-MAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. JULIE A. S. SCHWARTZ, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. THOMAS A. BLACKWELL, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. J. D. HUGHES, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. THEODORE I. PENHALL, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. MILES H. MANN, JR., Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. DORMAN B. MOOSE, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant. JOHN A. BLACK, Respondent, v. WHITMAN, REQUARDT AND SMITH, a Partnership, Defendants, and BENJAMIN L. SMITH, Appellant.— Motion for leave to appeal to the Court of Appeals denied, without costs. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur. [See 272 App. Div. 627.]

In the Matter of the Estate of ARTHUR G. MALOY, Deceased. ANNE E. O'SULLIVAN et al., Appellants; JANE MALOY, Respondent.— Motion to amend the decision in this case. Motion granted, without costs. The decision of this court, handed down November 12, 1947 (272 App. Div. 1084), is amended by striking out the last paragraph therein and inserting the following paragraph: "Decree modified by finding as a fact that the common-law marriage between decedent and respondent herein took place some time during the months of November and December, 1929, and as so modified, affirmed, on the law and the facts, with costs to all parties filing briefs, payable out of the estate. Any inconsistent finding made by the Surrogate is hereby reversed." Hill, P. J., Heffernan and Foster, JJ., concur; Brewster and Russell, JJ., dissent.

In the Matter of the Claim of GRACE B. ROUNDS, Respondent, against INSTRUCTIVE DISTRICT NURSING ASSOCIATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur. [See 272 App. Div. 1090.]

In the Matter of the Claim of ALICE P. VAN DE WATER, Respondent, against A. D. HEANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur. [See 272 App. Div. 1090.]

In the Matter of the Claim of MARGUERITE D. HILL, Respondent, against SAMARITAN HOSPITAL et al., Respondents, and NEW YORK HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by New York Hospital and its insurance carrier from an award of compensation in favor of claimant. The Workmen's Compensation Board found that on August 31, 1938, claimant began her training as a student nurse at the Samaritan Hospital and completed it on September 7, 1941. From August 31, 1939, to May 1, 1940, she was sent to New York Hospital by Samaritan Hospital for training under an agreement between the two hospitals. While at the New York Hospital she worked in the tuberculosis section. She completed her course on September 7, 1941, and was thereafter engaged as a staff nurse by Samaritan Hospital. While employed by the Samaritan Hospital she was assigned to