In the Matter of the Claim of LESTER DAVIS, Respondent, against DEXTER FOLDER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board that claimant was disabled as the result of an occupational disease. The board fixed the date of disability as of March 3, 1951. Appellants' chief contention is that the finding of disability as of March 3, 1951, is arbitrary and without substantial evidence to sustain it. Section 42 of the Workmen's Compensation Law provides that the date of disablement in occupational disease cases is to be fixed by the board. Of course this does not give the board power to fix a date arbitrarily, but if a fair issue of fact is raised the decision of the board is final. Claimant had a long hernia history on his left side, and finally on March 3, 1951, a physician noted a hernia on his right side. While this latter hernia apparently had existed for some time there is no evidence, medical or otherwise, that it had actually disabled him prior to that date. The report of the physician who examined claimant on the 3d of March, 1951, indicated that claimant found it difficult to continue work because of pains in both groins. It also requested authorization for a bilateral operation. There is evidence, therefore, of a substantial nature to sustain the board's finding of disability as of the date of such report. With that date properly fixed appellants' claim was filed within the statutory period. Because claimant was actually working at the time his claim was not vitiated (*Matter of Yuras* v. *Union Table & Spring Co.*, 279 App. Div. 679). Decision affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.

In the Matter of the Claim of RETTA M. NAYLOR, Respondent. SHURON OPTICAL COMPANY, INC., Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from decision of the Unemployment Insurance Appeal Board. The contract between employer and union provided for vacation pay scale based on length of service. It did not give employees a right to a vacation as such, but to vacation pay. It provided that when operations of the company permitted closing of the plant "all vacations will be taken" then. The record shows that the union indicated to the employer by letter addressed "To Whom it May Concern" that it wanted a closing period for vacations, i.e., a "closing time" during a specified period. This cannot be construed other than as a consent by the union that the shop be closed in that period and a temporary voluntary withdrawal of its members from the labor market whether or not all individually received vacation pay benefits under the contract. Thus, the individual member, whose act is deemed that of the bargaining agency, is not for such a vacation period entitled to unemployment insurance benefits. (*Matter of Rakowski* [*Corsi*], 276 App. Div. 625.) Decision of the Unemployment Insurance Appeal Board reversed, on the law, and claim for benefits disallowed. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.