In the Matter of the Claim of RUPERT GANGER, Respondent, against LIEBMANN BREWERIES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. Claimant suffers from Dupuytren's contracture, a disease of his hands, which medical proof in the record associates with his work in handling beer barrels in the brewery of his employer. The statute provides that the disease is compensable if "contracted" at any time while continuously in the same employment or within twelve months previous to disability if there have been different employers in a similar employment. (Workmen's Compensation Law, § 40.) Claimant worked many years in breweries, but he went to work for this employer in September, 1947. He became disabled in January, 1950. The board has found that he contracted the disease while working for this employer. We think the record is open to this finding, although it is open also to other interpretations. Claimant's physician testified on cross-examination to an opinion that the disease existed for about five years before his disablement, which would have been before his employment for this employer. The claimant testified, however, that he first noticed the condition of his hands in the fall of 1949 which was two years after his work with this employer had begun and his physician on redirect examination explained his testimony given on cross-examination by saying that the "inception of the beginning of the growth may have started five years ago" without "giving him any symptoms". He further testified to an opinion that the continuous exposure in the work for this employer contributed to the disease and the disability. If there is an insidious disease, without manifest symptoms unknown to an employee, the course of which is affected adversely by exposure during the last employment and which results in a disability during such employment, it would seem within the intent of the statute that the board might find upon a sufficient record that the disease was "contracted" during such employment. In *Matter of Boyd* v. *Schaefer Brewing Co.* (282 App. Div. 785) the symptoms which claimant noticed were earlier than the statutory time, and the medical evidence was uncontradicted that the Dupuytren's contracture existed beyond that time. Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.