THIRD DEPARTMENT, DECEMBER, 1953.

(December 8, 1953.)

■

In the Matter of the Claim of JAMES CURRAN, Respondent, against METROPOLIS BREWING et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* This is an occupational disease case which brings up the question as to when the disease was contracted and also the question as to when disablement occurred. Claimant for many years was a brewery worker. His last employment in that occupation was for the appellant employer. He worked for this employer from October, 1947, until March 19, 1950. He has been found suffering from Dupuytren's contracture in both hands. We think there is sufficient proof that the disease was contracted during the course of the claimant's employment with this employer. A physician who examined claimant in April, 1951, testified that claimant had the disease at least two years before then which would have been in 1949. The history given the physician by the claimant was to the effect that he first noticed "lumps" developing on both palms about two years before April, 1951. There is proof by another physician he felt the disease was contracted more than five years before April, 1951. Claimant himself testified he noticed some condition of his hand "a long time" earlier, but sought no medical advice or treatment and continued work without interruption until March 19, 1950. In a disease, such as this one, which develops slowly and which results from the particular occupation the finding that it was contracted while in the employment of this employer and within twelve months of the time the employment terminated in March, 1950, seems warranted (*Matter of Ganger* v. *Liebmann Breweries,* 282 App. Div. 907; *Matter of Boyd* v. *Schaefer Brewing Co.,* 282 App. Div. 785).

A closer question is presented on the date of claimant's disablement which has been found to be the date which he stopped work for the employer on March 19, 1950. The record does not contain substantial evidence that claimant was disabled on that date. The brewery closed its operation on March 19, 1950, and claimant stopped work. The record shows that until that date he had been working steadily in 1950. He testified that he stopped work then because his employer went out of business. He also said that he was "not capable" of working in the brewery after that time, but in addition he testified that he felt he had been long enough in the business at that time in any event. Nevertheless he did apply to his union to seek employment elsewhere but was not given employment.

What is confusing in this record is that the date of disability seems to have been fixed because claimant's work stopped then, but all the proof in the record shows the stoppage of work itself was due to conditions other than disease. The board could find readily that claimant was disabled a little over a year later, in April, 1951, when he began medical treatment, but this disability would not necessarily have been within twelve months of the contracture of the disease as the statute plainly requires. (Workmen's Compensation Law, § 40.) It may be that disability did occur within twelve months of contracture, but if that is so it ought to be clearly demonstrable from the record.

The decision and award should be reversed and the claim remitted to the Workmen's Compensation Board for its further proceedings, with costs to appellants against the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Decision and award reversed and claim remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against the Workmen's Compensation Board.