In the Matter of the Claim of Philip Chichipas, Appellant. West-ern Electric Company, Inc., Respondent. Isador Lubin, as Industrial Commissioner, Appellant.— This is an appeal by the Industrial Commissioner, and also by the claimant, from a decision of the Unemployment Insurance Appeal Board. The board reversed the decision of a referee which had sustained the revised initial determination of the Industrial Commissioner that claimant was entitled to benefits under the Veterans' Readjustment Assistance Act of 1952 (U. S. Code, tit. 38, § 901 et seq.). Under the Federal statute the Division of Employment of the State of New York acts as an agent of the Federal Government in accepting claims under the Federal act and in making determinations as to the eligibility of claimants. Such determinations are made in accordance with the State Unemployment Insurance Law and the Federal Government reimburses the State for benefit payments made under the statute. The Industrial Commissioner originally issued an initial determination which held claimant ineligible for benefits from July 18 through July 31, 1955 upon the ground that he was unavailable for employment because the union contract provided for a shutdown period during which vacations were to be taken. Thereafter the commissioner reversed this determination and made another decision to the effect that claimant was entitled to receive benefits for the period mentioned. The appeal board has held that the claimant was ineligible for benefits for the two weeks in question upon the ground that he had withdrawn from the labor market during that period. The employer is engaged in the manufacture of telephone equipment and employs approximately 15,500 people at its plant in Kearney, New Jersey. Claimant became an employee there as a quality checker on May 12, 1955. At that time there was in effect a collective bargaining agreement between the employer and the union, of which claimant was a member, which provided among other matters as follows: " 3.1 Vacations shall be taken during the two-week standard vacation period except for those employees who are required by the Company to work during that period due to the needs of the business. Vacations not scheduled during the standard vacation period will be scheduled in accordance with the employee's wishes to the extent consistent with the needs of the business, giving due consideration to term of employment." It will be noted that this provision did not specify any particular date for a plant shutdown for vacation purposes, but the board has found as a fact, and the evidence sustains the finding, that for many years a plant shutdown solely for vacation purposes had occurred annually in the last two weeks in July. It held therefore that under the circumstances a plant shutdown for vacation purposes during that period was intended and contemplated by the parties to the collective bargaining agreement (Johnson v. La Grange Shoe Corp., 70 N. W. 2d 335 [Minn.]). Where a union consents to a vacation shutdown period such consent is binding on all members of the bargaining unit. Employees not working during this period, whether paid or not, are deemed to have voluntarily withdrawn from the labor market, within the meaning of section 593 (subd. 1, par. [a]) of the Unemployment Insurance Law (Labor Law, art. 18) (Matter of Naylor [Shuron Opt. Co.], 281 App. Div. 721, affd. 306 N. Y. 794; Matter of Rakowski [Corsi], 276 App. Div. 625; Matter of Gerlach [Corsi], 284 App. Div. 1081; Matter of Barnes [Corsi], 286 App. Div. 910, motion for leave to appeal denied 309 N. Y. 1033; Matter of Graziadei [Lubin], 286 App. Div. 911). While some of the cases cited had more specific provisions for a shutdown plant for vacation purposes nevertheless we agree with the board that the agreement in question in this case should be construed in the light of the surrounding circumstances and past practices. In the present case the employer posted a formal notice in conformity with

long practice that the period between July 24 and July 31 for the year 1955 was designated as the standard vacation period, and that during such period the plant operations would be suspended except for those employees required for emergencies, etc. Claimant, it is true, did not receive any vacation pay for this period because he had not been an employee long enough to be entitled to such pay. But in the light of the cases cited this fact is not of decisive significance. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See 4 A D 2d 710.]