■ In the Matter of NICHOLAS KARISZEKI et al., Respondents. TODD SHIPYARDS CORPORATION, Appellant; ISADOR LUBIN, Industrial Commissioner, Respondent.— Appeal by employer from a decision of the Unemployment Insurance Appeal Board sustaining the rights of three claimants to unemployment benefits by reason of their unemployment during so-called vacation periods. In this case are involved the same employer and shipyard operation as in Matter of Levy (Todd Shipyards Corp.— Corsi) (279 App. Div. 947, affd. 304 N. Y. 823). The collective bargaining agreement before us is a renewal of that with which we were concerned in Levy and the provisions thereof with respect to vacations are substantially the same as in the prior agreement. The method of employment (under a daily shape-up system) was discussed in the Levy case. As in the prior case, it is clear "that the vacation money was a bonus for the last year's work which terminated on May 1" (Matter of Levy [Todd Shipyards Corp.— Corsi], supra); and did not constitute "remuneration" paid "for" any days "of employment" within the subsequent periods assigned for vacations, within the meaning of the statute (Labor Law, §§ 517, 523; Matter of Dresher [Lubin], 286 App. Div. 591, 595). It was found in Levy that "the employer arbitrarily fixed the commencement of the vacation periods." The finding here is: "The scheduling of the vacation periods was  *  *  *  in the employer's discretion but it endeavored as far as practicable to comply with the wishes of the employees", and the evidence discloses that less than one half of one percent of the employees did not get their first choice. The appeal is predicated largely on this factual distinction from the Levy case. The difference seems to us unsubstantial since here the employer required that vacations be taken, with the result, in our view, that an employee's request merely that the enforced vacation be taken at a particular time had no legal significance and certainly did not indicate a voluntary withdrawal from the labor market. (Cf. Matter of Naylor [Shuron Opt. Co.— Corsi], 281 App. Div. 721, affd. 306 N. Y. 794.) Decision affirmed, with costs to claimants-respondents. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.