■ In the Matter of the Claim of JOSEPH REISINGER, Respondent, against LIEBMANN BREWERIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from decisions of the Workmen's Compensation Board which culminated in an award to the claimant for permanent partial disability based on the finding of a 35% schedule loss of the left hand and a 15% schedule loss of the right hand resulting from an occupational disease. The claimant went to work for Liebmann Breweries in 1933 and during the 20 years which he worked there he performed various jobs all of which involved the use of his hands. In March, 1946 the claimant reported an accident which involved his middle finger, right hand, and an award was made for the disability caused by the injury to the finger. At this time the attending physician noted flexion and extension defects in both hands and denominated it as Dupuytren's Contracture. On May 14, 1953 the claimant consulted Dr. Post concerning the contracture condition of his hands and the doctor filed a report with the board. On June 3, 1953 the claimant filed a formal claim for compensation. The condition of his hands caused the claimant to stop work on August 1, 1953. The medical diagnosis of the claimant's condition in 1953 was that he was suffering from Dupuytren's Contracture. The referee found that this was an occupational disease caused by the nature of his employment and an award was made for schedule losses of the hands. The date of disablement was fixed as May 14, 1953. On review the board held that the claim was timely filed and the date of disablement

properly fixed but it restored the case to the referee's calendar so that the record could be developed on the question of causal relationship between the claimant's work and his condition. At a subsequent hearing the claimant testified again as to the nature of his work. The referee confirmed the original award and the board on review affirmed the referee's decision. On this appeal the appellants maintain that the date of disablement was improperly fixed so that the claim herein was not timely filed and that there is no substantial medical testimony to show that this is a causally related occupational disease nor to show that it was contracted while working for this employer. They argue that the date of disablement should have been fixed in March, 1946 when the doctors first noticed the disease and that therefore the claim has not been filed within two years of the accident pursuant to section 28 of the Workmen's Compensation Law. Under the Workmen's Compensation Law the date of disablement is to be determined by the board (see § 42) and that date is considered as the time when the accident happened for the purpose of fixing the time limit for the filing of the claim (§ 38). The fact that the existence of the condition was first discovered in 1946 did not compel that the date of disablement be fixed as of that time. The claimant herein, unaware of his disease, continued to work until 1953 when the condition of his hands forced him to seek medical attention and eventually to stop working. Considering the problem, under section 28, as a whole the date of disablement in an occupational disease case could be at any time prior to and including the date when actual wage loss occurs and the board is not required to set the date of disablement as of the time of discovery of the condition. The board would be entirely justified in a case such as this in fixing the date of disablement as late as the date when actual wage loss occurred. Therefore, in our view the board's finding of May 14, 1953, the date when the claimant first sought medical attention for his condition, as the date of disablement on the record in this case is permissive and correct and has support in the following cases. (*Matter of Miller* v. *International Milling Co.,* 283 App. Div. 1123; *Matter of Davis* v. *Dexter Folder Co.,* 281 App. Div. 721; *Matter of Curran* v. *Metropolis Brewing,* 282 App. Div. 1078; *Matter of McKiernan* v. *Schaefer Brewery Co.,* 5 A D 2d 900; *Matter of Maguire* v. *Liebmann Breweries,* 5 A D 2d 1024.) Appellants further contend that there is no substantial evidence to support the finding that this was a causally related occupational disease and that it was not contracted while working for this employer. Dupuytren's Contracture is a characteristic occupational disease of brewery workers. It develops slowly and its origin is difficult to trace. There was a conflict in the medical testimony in this case. Dr. Lilenfeld reported: "Patient is suffering from Dupuytren's Contracture of both hands which were aggravated and accelerated by his occupation." Dr. Post indicated causal relationship in his report and stood on same in his direct examination. The claimant had testified that his work required him to do acts which caused constant pressure on his palms. Dr. Post testified that there was a causal relationship between pressure and pounding on the palms and the development of the disease, Dr. Dooley for the carrier said that the work did not cause the disease "Because I do not believe that Dupuytren's Contracture is either produced or aggravated by trauma." This created an issue of fact which was resolved by the board in favor of the claimant in our view upon substantial evidence. In respect to the question as to whether the disease was contracted while working for this employer, it should be noted that the claimant worked for this employer for 20 years. His own testimony was that he first noticed the condition some eight years after coming to work for this employer. The only evidence to the

contrary is the statement allegedly made by claimant to an insurance investigator that he had noticed the condition before coming to work for this employer. He denied making this statement when he testified before the referee. At most a question of fact was presented as to this statement and the board unquestionably resolved this in favor of the claimant. The board could have employed the presumption in section 47 probably applicable to Dupuytren's Contracture by the omnibus part of subdivision 2 of section 3 (No. 29) and found that the appellant did not prove that the disease pre-existed employment with Liebmann. The liberality of this court in allowing findings of contraction dates is indicated by *Matter of Ganger* v. *Liebmann Breweries* (282 App. Div. 907) where the court stated with reference to a Dupuytren's case: "If there is an insidious disease, without manifest symptoms unknown to an employee, the course of which is affected adversely by exposure during the last employment and which results in a disability during such employment, it would seem within the intent of the statute that the board might find upon a sufficient record that the disease was 'contracted' during such employment." (See, also, *Matter of Curran* v. *Metropolis Brewing, supra.*) Under the evidence that the type of employment engaged in by claimant causes the disease and considering section 47 and cases like *Ganger* (*supra*) and *Curran* (*supra*) it seems as though there is sufficient evidence to support the finding that the disease was contracted in claimant's employment. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.