In the Matter of the Claim of JOHN KINDLICK, Respondent, v.
NASSAU SMELTING & REFINING COMPANY, Respondent, and
SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S
COMPENSATION BOARD, Respondent.

Third Department, December 2, 1960.

*John M. Cullen* for appellant.

*Benjamin Grossman* for claimant-respondent.

*Joseph D. Edwards* for Nassau Smelting & Refining Company,
respondent.

*Louis J. Lefkowitz, Attorney-General (Roy Wiedersum* and
*Daniel Polansky* of counsel), for Workmen's Compensation
Board, respondent.

BERGAN, P. J. The liability of the Special Fund for Reopened
Cases depends in the first instance in this case on whether the
claimant was " disabled " from lead poisoning on July 10, 1939.
It could be found that claimant was then suffering from lead
poisoning contracted in the employment; but he lost no wages,
and it is clear that the statute imposes the test on disablement

from occupational diseases, that the employee be "disabled from earning full wages" (Workmen's Compensation Law, § 37; *Matter of Muniak* v. *ACF Inds.,* 7 A D 2d 258).

Disablement might be found in this record, however, to have existed in 1951 when for the first time there was both a diminution of wages and knowledge by claimant that the disablement, with the resulting diminution, were due to the work.

The provisions of section 40 of the Workmen's Compensation Law in relation to poisoning by contact with lead, set forth that the right to compensation shall not be barred by the general time limits of the statute if the claim be filed "within ninety days after disablement" and after knowledge that the disease is or was due to the nature of the employment. (See, also, § 28.) The claim was filed within the statutory time after disablement in 1951.

Although the statute uses the terms "after disablement" and "after knowledge that the disease * * * was due to the nature of the employment" the term "disease" is closely linked to disablement and a mere knowledge of the association of a disease with the employment without the resulting disablement would not always bar the claim.

It would be quite inconsistent with the purpose of the statute to dissociate disablement and knowledge in point of time; because a man might have some idea of the existence of a disease which did not disable him within the special technical language of the statute and, by not filing a claim because not "disabled", lose his right to compensation when he later actually became disabled. In any event it need not necessarily be found in this case that claimant had knowledge within the statutory definition before he became disabled.

Section 40 was not amended until 1947 to include lead poisoning within its scope. It applies to this case if the disablement occurred after the enactment of the amendment even though the cause existed before; and in some circumstances, even though the disablement occurred before the amendment. (*Matter of Wood* v. *Queen City Neon Sign Co.,* 282 App. Div. 106, motion for leave to appeal denied 306 N. Y. 979.)

We do not, of course, hold that the disablement occurred in 1951; it may be possible to find that it occurred in 1946 under this record, and that there was an advance payment of compensation. The liability of the Special Fund, however, is not established on the findings before us. It is not necessary to decide whether on this record the employer could be held liable if disability occurred in 1951 or 1946; or whether the Special Fund could be liable on any theory admissible in this record.

We hold merely that the Fund is not liable on the findings before us.

The award should be reversed and the claim remitted for further proceedings, with costs to the Special Fund against the Workmen's Compensation Board.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Award reversed and the claim remitted to the board for further proceedings, with costs to the Special Fund against the Workmen's Compensation Board.