■ In the Matter of the Claim of HARRY LAPINSKY, Deceased, Respondent, v. ARDOM BAKE SHOP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. This is the second appeal in this claim, the first one having been here over three years ago (9 A D 2d 793). Claimant has in the meantime died of unrelated causes and a posthumous award has been made to his widow. The facts are fully stated in the earlier memorandum of decision.

One ground for the reversal has now been fully covered, a failure to provide opportunity for appellants to cross-examine the claimant's physician who was also his own son. The other ground, that the award lacked substantial evidence in its support is again argued by appellants. We think the award now has sufficient basis. The fact the physician is claimant's son does not disqualify him as a matter of law and the weight to be given his testimony is for the board. The problem is essentially whether claimant had contracted Dupuytren's contracture while engaged in appellant employer's work or before. Dr. Moorhead testified for the carrier that the condition had existed long before this employment; and claimant's physician did not testify literally to the date of contracture. But his testimony as now developed fairly sustains a finding that it was contracted within the time of employment by the employer appellant. He testified that on his prior examination of claimant's hands some three to three and one-half years before the May 15, 1951 disablement there was no evidence of Dupuytren's contracture; that he diagnosed the disease in 1951 as Dupuytren's contracture and that the work done for this employer was a "causative factor" of the disease diagnosed in 1951. This is developed in detail by claimant's physician. The employer's report shows the claimant had been in its employ a year and one half before the disablement. If the board could find that the disease did not exist prior to employment with appellant employer upon a basis of the medical opinion that there was no evidence of Dupuytren's contracture at the time of the only prior medical examination in the record, some three or more years before the employment, it could invoke the presumption of section 47 read with section 3 (subd. 2, group 29) that the disease was contracted in this employment. (*Matter of Reisinger* v. *Liebmann Breweries,* 7 A D 2d 658, 660; *Matter of Ganger* v. *Liebmann Breweries,* 282 App. Div. 907.) There are, as we noted in the prior decision, inconsistencies between the claimant's physician's report and his testimony as to the time of diagnosis of the disease, but he explains this to an extent sufficient to permit the board on credibility to accept rather than reject his testimony; and there is no inconsistency in his testimony itself. In summary this testimony is to the effect that although claimant had a condition in his hands, a "thickening of the skin" before the employment, it was not diagnosed as Dupuytren's contracture. Dr. Moorhead's report of June 23, 1951 stated that claimant's physician had told him that he had been "aware of the condition for about four years and he asserts the diagnosis is a bilateral Dupuytren's Contracture". In his testimony of March 28, 1952 claimant's physician flatly stated as to this part of Dr. Moorhead's report: "I didn't say that." Dr. Moorhead did not discuss this issue in his testimony of June 24, 1953; nor was he recalled by the carrier after remission by this court. Award to claimant's widow affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Herlihy and Taylor, JJ., concur; Reynolds, J., dissents and votes to reverse.