■ In the Matter of the Claim of DAVID CANNON, Respondent, v. TERRY CONTRACTING, INCORPORATED, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding benefits for permanent partial disability caused by bilateral Dupuytren's contracture. Appellants contend that claimant's ailment was not contracted within 12 months prior to disablement and that his claim is therefore barred under section 40 of the Workmen's Compensation Law. It is undisputed that claimant's employment as an ironworker, both prior to and during the time he worked for appellant employer, required him to move, carry and otherwise handle steel and iron beams and to use various

tools which caused continuous pressure to be applied to his hands. There is also evidence that as early as 1957 claimant apparently exhibited some of the symptomology of his ailment. Claimant, however, continued in employment during 1958 and 1959. Further the board could properly find on the instant record that claimant was unaware of the nature of his affliction until 1959 when medical attention was first sought. In *Matter of Ganger* v. *Liebmann Breweries* (282 App. Div. 907), a Dupuytren's contracture case analogous to the present case, this court stated the applicable rule as follows: "If there is an insidious disease, without manifest symptoms unknown to an employee, the course of which is affected adversely by exposure during the last employment and which results in a disability during such employment, it would seem within the intent of the statute that the board might find upon a sufficient record that the disease was 'contracted' during such employment." (282 App. Div. 907, *supra*.) On the present record the board's determination on this issue must be affirmed. Similarly, while there is some conflict in the testimony of claimant's medical expert, nevertheless, on the instant record it was still within the power of the board to decide as a question of fact the question of causal relationship (*Matter of Carpenter* v. *Sibley, Lindsay & Curr Co.*, 302 N. Y. 304). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.