■ NELSON S. BELLOWS, as Administrator of the Estate of CHRISTOPHER M. BELLOWS, Deceased, Respondent, v BARRY G. SMITH et al., Appellants.— Appeal from a judgment of the Supreme Court, entered January 15, 1975 in Ulster County, upon a verdict rendered at a Trial Term in favor of plaintiff for the wrongful death of the decedent. The sole question urged on this appeal is whether the award of $50,000 in damages was excessive and not supported by evidence in the record. The measure of damages for pecuniary loss is a complex factual determination and the jury's assessment of the case will not be interfered with unless it is clearly excessive (see *Tenczar v Milligan,* 47 AD2d 773). In reaching its determination the jury is permitted to consider many elements. Taking into consideration all of the factors the jury could have weighed in the instant case, it cannot be said that its award was excessive. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of EDGAR KOPP, Respondent, v DELCO PRODUCTS DIVISION, GENERAL MOTORS CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board filed October 10, 1974. The only issue is whether the claim was timely filed. It is not disputed that claimant worked for 23 years as a machine operator in the manufacture of electrical automotive motors and left his employment on December 31, 1971. On February 1, 1974 a claim was filed for occupational loss of hearing due to exposure to excessive noise in his employment. The board found that the last day of the six months of separation from work where the claimant was exposed to harmful noise was June 30, 1972 which date constitutes the date of disablement, and that as his claim for compensation was filed within two years after June 30, 1972, it was timely filed, pursuant to section 28 of the Workmen's Compensation Law. Section 49-bb of the Workmen's Compensation Law provides that the date of disablement is six months after claimant's separation from his employment. *(Matter of Di Matteo v T. M. Duche & Son,* 33 AD2d 1089; *Matter of Russell v Union Forging Co.,* 30 AD2d 713). The cases cited by appellant involved claims which arose prior to the effective date of section 49-bb, when the board had discretionary power to fix the date of injury. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.