■ In the Matter of the Claim of MAUREEN GLASHEEN, Respondent, v NEW YORK STATE DEPARTMENT OF STATE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [657 NYS2d 833] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 6, 1995, which, inter alia, ruled that claimant sustained a causally related partial disability from September 20, 1993 through September 8, 1994.

In August 1983, claimant began working for the New York Department of State (hereinafter the Department) as its General Counsel. In that capacity, she had supervisory, administrative and budgetary responsibilities and engaged in the practice of law, which entailed extensive writing. In April 1991, when claimant began experiencing pain and paresthesia in her right forearm while writing, she sought medical attention. These symptoms recurred prompting her to again seek medical attention in September 1991. At this time, claimant was diagnosed with muscular skeletal strain involving the nerves and was advised to stop working. Between October 3, 1991 and October 22, 1991, claimant stopped working based on this advice. She

resumed working on October 23, 1991 until December 8, 1992, at which time she left her job on medical leave.

In April 1993, claimant indicated to the Department that she would return to work if specific accommodations were made for her disability. When an agreement could not be reached as to the accommodations the Department would make for claimant upon her return to work, the Department requested that she tender her resignation. Claimant refused and was terminated in October 1993. Thereafter, claimant worked for an out-of-State law firm for a few weeks, but was unable to continue this employment because her medical condition worsened. Upon returning to New York in January 1994, she was unable to find full-time employment but earned nominal wages through self-employment.

Claimant filed a claim for workers' compensation benefits in December 1991. By decision dated June 17, 1992, the Workers' Compensation Board determined that occupational disease, notice and causal relationship had been established. The issue of the date of disablement was held in abeyance. Thereafter, by decision dated April 8, 1993, which was subsequently amended, the Board determined the date of disablement to be September 3, 1991 and awarded claimant partial disability payments at the rate of $350 per week from September 3, 1991 through April 5, 1993.[1] Upon the Department's appeal, the Board, *inter alia*, rescinded its prior decisions and restored the case to the trial calendar for further development of the record "with production of medical evidence indicating commencement of lost time on the issue of date of disablement".

After additional hearings, a Workers' Compensation Law Judge ruled, *inter alia*, that the date of disablement was October 3, 1991, but that claimant did not have any compensable lost time from September 20, 1993 through September 8, 1994. On appeal, the Board, *inter alia*, upheld the finding with respect to the date of disablement, but ruled that claimant did not voluntarily remove herself from the job market and, therefore, had a causally related partial disability from September 20, 1993 through September 8, 1994 which entitled her to benefits during this time period. The Department and its insurance carrier (hereinafter collectively referred to as the employer) appeal the Board's decision.

The employer initially contends that the award of benefits subsequent to September 20, 1993 is not supported by substantial evidence because claimant voluntarily removed herself

---

1. Certain time periods were excluded due to the fact that claimant did not lose any compensable lost time.

from the job market by not returning to her job with the Department. Based upon our review of the record, we find this argument unpersuasive. Claimant's testimony established that she engaged in extensive negotiations with the Department regarding accommodations necessary for her return to work.

Additionally, claimant was diagnosed by her physician, Andrew Dubin, with cumulative trauma disorder with resultant radial sensory nerve dysfunction. In April 1993, Dubin opined that claimant continued to suffer from a temporary total disability and a permanent partial disability. According to Dubin, claimant necessitated a voice-activated computer in order to return to work and the accommodations offered by the Department were not sufficient. Claimant opted not to return to work under the conditions offered by the Department and was terminated. Although the record reveals that other physicians did not evaluate claimant's condition to be as severe and debilitating as Dubin did, it was for the Board to determine the weight to be accorded these differing medical opinions (see, Matter of Panagiotatos v Eastman Kodak Co., 222 AD2d 877, 878; Matter of Mammarello v Hubbs & Howe Co., 175 AD2d 968, 969).

Moreover, the record reveals that claimant's activities subsequent to her termination with the Department were extremely limited. Her employment with the out-of-State law firm was brief because her disability rendered her unable to continue and the activities which she engaged in to generate money through self-employment did not require her to rely extensively upon her writing skills.[2] In view of the foregoing, we find that substantial evidence supports the Board's finding that claimant did not voluntarily withdraw from the labor market and that she sustained a causally related partial disability entitling her to benefits from September 20, 1993 through September 8, 1994.

Likewise, we find no merit to the employer's claim that the Board should have utilized April 17, 1991, the date of claimant's first medical treatment, as the date of disablement. The date of disablement is a factual question for the Board to resolve and its determination on this issue must be upheld if supported by substantial evidence (see, Matter of Mammarello v Hubbs & Howe Co., supra, at 969; Matter of Falcone v Western Elec. Co., 72 AD2d 644, 645, lv denied 48 NY2d 612). Contrary to the employer's claim, the Board is not compelled to set the date of

---

2. Although claimant did write an article for Consumer Research magazine, she did this by using a voice-activated computer she had purchased after being terminated.

disablement based upon the date a claimant first seeks medical treatment (*see, Matter of Falcone v Western Elec. Co., supra; Matter of Reisinger v Liebmann Breweries,* 7 AD2d 658). Given that claimant was not advised by her physician to stop working due to her disability until October 3, 1991, at which time she first lost income from her employment, we find that the Board's utilization of this date as the date of disablement is supported by substantial evidence.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.